**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DAVID C. LETTIERI,<br><br>Plaintiff,<br><br>v.<br><br>KEEFE GROUP, et al.,<br><br>Defendants. | ) | No. 4:26-cv-00046-NCC |

**OPINION, MEMORANDUM AND ORDER**

David C. Lettieri, a self-represented federal prisoner, alleges a state law breach of contract claim involving the failure of Keefe Group to provide him with a full copy of the television show, Agents of Shielf, after he paid for the show with his prison commissary account.[1] [ECF No. 1]. He seeks leave to pursue this action *in forma pauperis*. [ECF No. 2]. Because Lettieri has accrued three strikes under the Prison Litigation Reform Act (PLRA), the Court denies the request and orders him to pay the full $405 filing fee.

The PLRA is designed to "filter out the bad [prisoner] claims and facilitate consideration of the good." *Jones v. Bock*, 549 U.S. 199, 204 (2007). One mechanism for doing so is the three-

[1] Plaintiff also makes the following conclusory statement in his Complaint: "On March 27, 2025, B.C. Cinnutu, D. English and S. Gonduluz [guards at Federal Medical Center Devens in Ayer, Massachusetts], had a meeting with the Plaintiff was threaten [sic] to continue to file grievances would be transfer to possiblie [sic] more dangerous facility where could be stabbed which can't yell for help because of a paralyzed vocal cord or limited on the grievances filed." [ECF No. 1 at 2]. It appears that Plaintiff is attempting to assert a First Amendment retaliation claim. However, Lettieri describes an event that allegedly occurred in March of 2025, and there is no indication that he was under imminent danger from these purported Defendants at the time he filed the Complaint in this Court. Additionally, this claim is unrelated to Lettieri's breach of contract claim which is the primary focus of his Complaint. *See* Fed. R. Civ. P. 18 and 20. And this Court lacks venue over Plaintiff's allegations against Defendants Cinnutu, English and Gonduluz, which occurred in Ayer, Massachusetts.

strikes provision of 28 U.S.C. § 1915(g). *Orr v. Clements*, 688 F.3d 463, 464 (8th Cir. 2012). Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Lettieri has filed numerous cases in federal courts across the country. Several courts, including this Court, have dismissed his previous lawsuits under § 1915(g). *See, e.g., Lettieri v. Daniels*, No. 1:23-cv-00867 (W.D.N.Y. Oct. 16, 2023); *Lettieri v. Federal Marshals*, No. 4:23-cv-02202 (N.D. Ohio Nov. 30, 2023); *Lettieri v. T-Mobile*, No. 2:24-cv-00028 (W.D. Wash. Apr. 18, 2024); *Lettieri v. Centric Store*, No. 4:24-cv-00606 (E.D. Mo. Apr. 29, 2024). The Court takes judicial notice of these records. *See Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (stating that courts "may take judicial notice of judicial opinions and public records").

In September 2023, the United States District Court for the Western District of New York found that Lettieri had "engaged in a pattern of abuse of the judicial process." *See In re: David C. Lettieri*, No. 1:23-mc-00032 (W.D.N.Y. Sept. 5, 2023). That court now prohibits Lettieri from filing "any new motions, papers, or documents of any kind—except notices of appeal or papers the Court instructs him to file—in all pending and closed cases . . . for a period of one year." *Id.*

Because Lettieri has accumulated three strikes under § 1915(g), the Court cannot grant him leave to proceed *in forma pauperis* in this matter unless he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Lettieri does not assert that he is under imminent danger of

serious physical injury. Therefore, the Court denies his motion to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(g).

Accordingly,

**IT IS HEREBY ORDERED** that Lettieri's motion for leave to proceed *in forma pauperis* [ECF Nos. 2] is **DENIED**.

**IT IS FURTHER ORDERED** that Lettieri shall pay the $405 filing fee within thirty (30) days of the date of this order.

Lettieri's failure to do so will result in the dismissal of this action without prejudice and without further notice.

Dated this 17th day of September, 2026.

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE